## UNITED STATES DISTRICT COURT

## DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| LEAMON BRADLEY TODD, (a/k/a Bradley Todd); | ) |
| | ) |
| Plaintiff, | ) C/A No. 3:05-2649-MBS-BM |
| | ) |
| vs. | ) **Report and Recommendation** |
| | ) |
| VENUS ENTERPRISES;[1] CEO; PRESIDENT; AND BOARD OF DIRECTORS; | ) ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

The Plaintiff, Leamon Todd (hereafter, the "Plaintiff"), is proceeding pro se and seeks leave to proceed *informa pauperis*. As a *pro se* litigant, Plaintiffs pleadings are accorded liberal construction. Hughes v. Rowe, 449 U.S. 5 (1980); Estelle v. Gamble, 429 U.S. 97 (1976); Haines v. Kerner, 404 U.S. 519 (1972); Loe v. Armistead, 582 F. 2d 1291 (4th Cir.1978); Gordon v. Leeke, 574 F. 2d 1147 (4th 1978). Even under this less stringent standard, however, this pro se Complaint is still subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir.

---

[1] Plaintiff has brought two prior actions concerning Venus Enterprises. See Todd v. National Aeronautics and Space Administration (NASA). et al., 3:05-0922-MBS-BM (D.S.C. 2005); Todd v. Venus Enterprises. et al., 3:05-2107-MBS-BM (D.S.C. 2005). In both prior actions, Plaintiff named government agencies as well as Venus Enterprises as defendants. See Colonial Penn Ins.Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989)("'[t]he most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.'"); Shoup v. Bell & Howell, 872 F.2d 1178, 1182 (4th Cir. 1989); Daye v. Bounds, 509 F. 2d 66 (4th Cir. 1975); Mann v. Peoples First National Bank & Trust Co., 209 F.2d 570, 572 (4th Cir. 1954) (approving trial court's taking judicial notice of proceedings had before it in prior suit with same parties).

1



1990).

## DISCUSSION

Plaintiff states that he is presently housed at the Emerald Residential Care Facility (RCF), 2244 Browntown Road, Bishopville, South Carolina. Emerald RCF provides shelter and care on contract with the South Carolina Department of Mental Health.

Plaintiffs Complaint contains a "Statement of Claim" which is recited below verbatim:

> I feel that VE, [sic] framed me several times in order to lock me up so they could steal my business. As a matter of fact you may see that everytime I advertised VE in the Sun News, Myrtle Beach, SC, I were committed to a mental health facility.
> If it are not CIA and NASA w/Ve, it must be some sort of mob. At any rate they act Criminal!
> I wish to press charges!
> At the Atlantis Condos, 20th Ave, N. Myrtle Bch [sic], my sister Marlin Jan Todd, said their [sic] were pictures of an orgy w/males found of me. I swear I had only made private home shots of me & Tammie. I feel these negatives may have been used to dub me in gay porno w/males. I think Solicitor Jim Dunn were in office at the time. I know how he hates porno. I believe they claimed I were dealing in interstate porno!
>
> Under Solicitor Ralp [sic] Wilson, I were accussed [sic] of wanting to make pictures of little boys in panties. I told Mr. Wilson I wanted a voice graph of the tape made, to prove it weren't my voice. He dropped charges. At the TLC Program in Florence, SC, their [sic] were found public hair in my freezer! I declare VE framed me w/all these things in order to lock me up and retain VE! I claim this to be a case of industrial sabotage!
> I want to know what the real score is!!! So called DSS Agent, may have been a mob plant, as well as CIA Agent, posing as Agents. DSS agent said at Bryan Hospital, Columbia, SC, "CIA owns VE," i.e. (Venus Enterprises). Lead me in wrong direction I'm afraid. Lead me off the path! Habeas corpus, please! ie (must have been other frame ups)! All the times I were committed.

[1-1, pp. 4-5.]

For purposes of the habeas corpus relief mentioned in his Complaint, Plaintiff must file a petition under 28 U.S.C. § 2241 or § 2254, and name his custodian as respondent. 28 U.S.C. § 2242



2

and § 2243; Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-495 (1973); Vasquez v. Reno, 233 F.3d 688, 690-691 (1st Cir. 2000); Talhot v. State of Indiana, 226 F.3d 866, 870-871 (7th Cir. 2000); Harris v. Champion, 51 F.3d 901, 906 (l0th Cir. 1995); Billiteri v. U.S. Board of Parole, 541 F. 2d 938 (2nd Cir. 1976); United States ex rel Elliott v. Hendricks, 213 F. 2d 922 (3rd Cir. 1954); Rule 2(a) and (b) of the Rules Governing Section 2254 Cases in the United States District Courts. Plaintiff does not suggest that Venus Enterprises is his custodian, and therefore his apparent request for release cannot be granted in this action.

As for any other claims Plaintiff may be asserting, United States District Courts are limited in their jurisdiction to "federal question" and "diversity" cases pursuant to 28 U.S.C. § 1331 and § 1332. Federal courts are "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute"; In re Bulldog Trucking. Inc., 147 F.3d 347, 352 (4th Cir. 1998); and there is no presumption that a federal court has jurisdiction over any given matter. Pinkley. Inc. v. City of Frederick, 191 F.3d 394, 399 (4th Cir. 1999) (citing Lehigh Mining & Mfg. Co. v. Kelly, 160 U.S. 337, 327 (1895)). Accordingly, federal courts are required to, *sua sponte*, determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." Bulldog Trucking, supra. See also Rule 12(h)(3) Federal Rules of Civil Procedure (Fed. R. Civ. P.) ("Whenever it appears. . . that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").

Although the absence of jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999). "[T]he facts providing the court jurisdiction must be affirmatively alleged in the complaint." Davis v. Pak, 856 F.2d 648, 650, (4th Cir.1988)(citing McNutt v. General



Motors Acceptance Corp., 298 U.S. 178 (1936)). To this end, Fed. R. Civ. P. 8(a)(1) requires that the complaint provide "a short plain statement of the grounds upon which the court's jurisdiction depends[.]" If the court, viewing the allegations in the light most favorable to the plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. Lovern v. Edwards, supra.

Here, no basis for jurisdiction in this Court is set forth in the Complaint. First, Plaintiff's claims could perhaps be liberally construed as an action for violation of his civil rights under 42 U.S.C. § 1983, which would be a "federal question" case. However, in order to state a cause of action under § 1983, a plaintiff must allege that: (1) the defendant(s) deprived him or her of a federal right, and (2) did so under color of state law. See Gomez v. Toledo, 446 U.S. 635, 640 (1980); American Mfr. Mut.Ins. Co. v. Sullivan, 526 U.S. 40, 50-52 (1999). Although no particulars have been provided, it is readily apparent that Defendant Venus Enterprises is a private entity, and in order for a private individual or corporation to act under color of state law, he or it must be a willful participant in joint action with the State or with an agent of the State. Dennis v. Sparks, 449 U.S. 24, 27-28 (1980). Purely private conduct, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under § 1983 or under the Fourteenth Amendment. See Lugar v. Edmondson Oil Co., supra, 457 U.S. at 936; Burton v. Wilmington Parking Authority, 365 U.S. 715, 721 (1961).[2] Whether private conduct rises to the level of state action necessarily depends on the relationship between the activity and the governmental entity; i.e., "whether there is a sufficiently

---

[2]Burton involved the Equal Protection Clause of the Fourteenth Amendment, not 42 U.S.C. § 1983. However, federal courts have uniformly held that conduct which constitutes state action under the Fourteenth Amendment also constitutes action under color of state law, insofar as suits under 42 U.S.C. § 1983 are concerned. West v. Atkins, 487 U.S. 42, 48-49 (1988) (collecting cases).



close nexus between the State and the challenged action...so that the action of the latter may be fairly treated as that of the State itself." Jackson v. Metropolitan Edison Co., 419 U.S. 345, 351 (1974). Here, Plaintiff fails in his Complaint to offer any suggestion that the Defendants were acting under color of state law, even if they possibly provided information which led to Plaintiff being committed to a mental health facility. "Mere approval of or acquiescence in the initiatives of a private party is not sufficient to justify holding the State responsible for those initiatives under the terms of the Fourteenth Amendment." Blum v. Yaretsky, 457 U.S. 991, 1004-1005 (1982). There is therefore no basis for federal question jurisdiction in this case.

With respect to "diversity" jurisdiction, this Court may exercise diversity jurisdiction only over disputes between private parties who are citizens of different states in an action involving sums of money above the statutory jurisdictional amount. See Cianbro Corporation v. Jeffcoat and Martin, 804 F.Supp.784, 788-791, (D.S.C. 1992), *aff'd* 10 F.3d 806 (4th Cir. 1993). Plaintiff professes not to know where Venus Enterprises is located, nor does he seek any award of monetary damages. Therefore, no basis for diversity jurisdiction has been shown.

## Conclusion

Under 28 U.S.C. § 1915, an indigent litigant may commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. The decision to permit a proceeding under 28 U.S.C. § 1915 rests in the sound discretion of the District Court. Here, a review of Plaintiff's Complaint reveals that he has failed to set forth any claims cognizable in this Court. Therefore, it is recommended that Plaintiff's Motion to proceed *in forma pauperis* be **denied**,



5

and that this case be **dismissed**, without prejudice.

    Plaintiffs attention is directed to the important notice on the next page.

    Respectfully Submitted,

    Bristow Marchant
    United States Magistrate Judge

October 27, 2005

Columbia, South Carolina

**Notice of Right to File Objections to Magistrate Judge's Report and Recommendation**
**&**
**The Serious Consequences of a Failure to Do So**

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be delivered to a United States District Judge fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-47 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, *supra*, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-19 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd. Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections. See Wright, *supra,*; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing addressed as follows:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

7

