IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Bradley Todd, a/k/a Leamon Bradley Todd, | ) ) C/A No.: 3:05-2649-MBS |
| Plaintiff, | ) ) ) |
| vs. | ) ) |
| Venus Enterprises, CEO, President, and Board of Directors, | ) **OPINION AND ORDER** ) ) |
| Defendants. | ) ) ) |

Plaintiff Bradley Todd is confined in a residential care facility, which facility is under contract to the South Carolina Department of Mental Health. Plaintiff, proceeding pro se and in forma pauperis, filed a complaint on September 14, 2005, asserting that Defendants "frame me several times in order to lock me up so they could steal my business." Complaint, p. 3. Plaintiff claims "this to be a case of industrial sabotage!" Id., p. 4. Plaintiff asks for "habeus corpus, please! ie [Must have been other Frameups]! All the times I were committed!" Id.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Bristow Marchant for pretrial handling. The Magistrate Judge reviewed the complaint pursuant to the provisions of 28 U.S.C. § 1915. On October 27, 2005, the Magistrate Judge filed a Report and Recommendation in which he determined that, to the extent Plaintiff desired federal habeas relief, he would be required to filed a petition under 28 U.S.C. § 2241 or § 2254, and name his custodian as respondent. In addition, the Magistrate Judge noted that Plaintiff established no basis for jurisdiction, either under 42 U.S.C. § 1983 or diversity jurisdiction. Among other things, the Magistrate Judge stated in the Report and Recommendation: "Plaintiff professes not to know where Venus Enterprises is located, nor does he seek any award of monetary

damages. Therefore no basis for diversity jurisdiction has been shown." Report and Recommendation, p. 5. The Magistrate Judge recommended that the within action be dismissed without prejudice. Plaintiff filed a letter response to the Report and Recommendation on November 1, 2005.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

Plaintiff's letter response to the Report and Recommendation reads, in pertinent part, as follows:

> I don't understand why you say I don't seek any award of monetary damages. I plainly asked, $10,000,000.00 in pain & suffering (emotional, not physical). Accumul[ated] profit loss (that is what I would have made as President of VE why I say a President's Commision). Future Commisions, & Commisions for any Future Generations.

Entry 5, p. 1.

The court has reviewed the complaint and concurs with the Magistrate Judge that Plaintiff sought no monetary damages in the within action. To the extent Plaintiff's letter response could be construed as an amendment to the complaint, the court still lacks jurisdiction because diversity of citizenship has not been established. Plaintiff's objection is without merit.

The court has thoroughly reviewed the record. The court concurs in the Report and

Recommendation of the Magistrate Judge and incorporates it herein by reference. For the reasons stated, Plaintiff's motion to proceed in forma pauperis is denied, and the case is dismissed *without prejudice*.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

November 11, 2005

Columbia, South Carolina

**NOTICE OF RIGHT TO APPEAL**

**Plaintiff is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**